UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LARRY HENSELMEIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-00794-SEB-DML |
| | ) | |
| BILLY COOK HARNESS & SADDLE MANUFACTURING, INC., | ) ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

This cause is before the Court on Defendant's Motion to Dismiss filed on May 19, 2021, pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6). [Dkt. 7]. Plaintiff Larry Henselmeier initiated this action alleging that Defendant Billy Cook Harness & Saddle Manufacturing, Inc. breached the parties' oral contract, that Defendant has been unjustly enriched by the services Plaintiff has provided, and that Defendant is indebted to Plaintiff for the outstanding balance. For the reasons explicated below, we GRANT Defendant's Motion to Dismiss.[1]

**BACKGROUND**

Defendant Billy Cook Harness & Saddle Manufacturing, Inc. is a manufacturer and distributor of equestrian accessories, including saddles, tack, and harnesses with its

---

[1] Defendant requested oral argument in its briefing but did not file a separate motion. Because we find that the parties' written submissions do not necessitate oral argument, we deny Defendant's request for oral argument.

1

principal place of business in Sulphur, Oklahoma. Compl. ¶¶ 2–5. Mr. Henselmeier alleges that in or around 1993, he was approached by Defendant's owner, Mr. Billy Cook, at an industry show in Indianapolis, Indiana, where Mr. Cook requested that Mr. Henselmeier serve as a sales representative and wholesale distributor for Defendant. *Id.* ¶ 6. Mr. Cook allowed Mr. Henselmeier time to consider the offer and then followed up with Mr. Henselmeier by telephone a few days later to request that Mr. Henselmeier accept the aforementioned sales/distributor position with Defendant and Mr. Henselmeier accepted the offer of employment during this phone call. *Id.* ¶¶ 7–8.

The parties reached an oral agreement wherein Mr. Henselmeier agreed to sell Defendant's equestrian supplies in exchange for payment of ten percent commission on all such sales. *Id.* ¶ 9. Mr. Henselmeier worked twenty-seven years—from 1993 through July 2020—as a sales representative for Defendant pursuant to this oral contract. *Id.* ¶ 10. However, Mr. Henselmeier alleges that Defendant fell behind on paying his earned commissions "for a considerable time" despite Mr. Henselmeier's numerous demands to Defendant to pay all amounts due. *Id.* ¶¶ 11–12. Mr. Henselmeier filed this lawsuit in response to Defendant's failure and refusal to pay the alleged amounts due under the parties' oral agreement. *Id.* ¶¶ 12–13.

In Count I of Mr. Henselmeier's complaint, Mr. Henselmeier alleges that Defendant has breached the parties' oral contract by failing to pay the amounts owed to him after he has timely performed and completed the services required of him under the parties' agreement. *Id.* ¶¶ 15–17. In Count II, Mr. Henselmeier contends that Defendant has been unjustly enriched through its acceptance and retention of the benefit of the

services that Mr. Henselmeier has provided without payment of the value thereof. *Id.* ¶¶ 22–24. Finally, Count III of Mr. Henselmeier's complaint, titled "Account Stated," alleges that Defendant is indebted to Mr. Henselmeier in excess of $75,000 for his services and has refused to pay the amount owed despite being informed of the outstanding balance on the account. *Id.* ¶¶ 27–28. Mr. Henselmeier asserts that he has suffered damages in excess of $75,000 and requests full compensation for his damages, pre- and post- judgment interest, and reimbursement for litigation expenses. *See id.* at 3–4.

## DISCUSSION

Defendant moves to dismiss Mr. Henselmeier's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6). [Dkt. 7]. Because we find that Federal Rule of Civil Procedure 12(b)(1) mandates the dismissal of Mr. Henselmeier's case, we address only the parties' arguments pertaining to the requisite pleading standards necessary to establish federal subject-matter jurisdiction.

**I.    Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1)**

**A.  Burden of Proof and Standard of Review**

A jurisdictional challenge must be considered and resolved before addressing the merits of a plaintiff's claims because the Federal Rules of Civil Procedure command courts to dismiss any suit over which they lack subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1); *McCready v. White*, 417 F.3d 700, 702 (7th Cir. 2002). Plaintiff's action is brought pursuant to 28 U.S.C. § 1332 which requires that a non-frivolous claim exists between parties of diverse citizenship exceeding $75,000, exclusive of interests and costs. *See* § 1332(a); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). When a defendant

challenges the factual basis underlying a plaintiff's allegations of subject matter jurisdiction, "the court may consider and weigh evidence outside the pleadings to determine whether it has power to adjudicate the action." *Bazile v. Fin. Sys. of Green Bay, Inc.*, 983 F.3d 274, 279 (7th Cir. 2020) (citations omitted). Dismissal is proper if the plaintiff has failed to establish any set of facts that would entitle him to the relief he seeks. *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004).

      We repeat: Mr. Henselmeier's complaint alleges that Defendant breached the parties' oral contract, that Defendant was unjustly enriched by Mr. Henselmeier's services, and that Defendant is "indebted" to Mr. Henselmeier in excess of $75,000. Defendant moves to dismiss Mr. Henselmeier's complaint pursuant to Rule 12(b)(1) on the grounds that Mr. Henselmeier cannot establish that he incurred $75,000 or more in damages, but the parties do not dispute that complete diversity of citizenship exists between them. In response, Mr. Henselmeier simply restates that he has incurred damages exceeding $75,000 and contends that this assertion meets the notice pleading standard required to provide this Court with subject matter jurisdiction. Dkt. 12 at 18.

      We find that Plaintiff's complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction both because Mr. Henselmeier has not adequately pled Defendant's citizenship and because Mr. Henselmeier has not provided a factual basis on which to infer that he has incurred damages exceeding $75,000 within the applicable statute of limitations period.

### B. Discussion

Mr. Henselmeier alleges that he accepted an oral offer to serve as a sales representative and wholesale distributor for Defendant in 1993 pursuant to which the parties agreed to payment of ten percent commissions to Mr. Henselmeier on all his sales. Mr. Henselmeier claims that over the twenty-seven years when this agreement was in effect Defendant failed to pay his commissions "for a considerable time," despite Mr. Henselmeier's numerous demands that all amounts due be paid. However, Mr. Henselmeier's complaint is barebones at best, providing no details as to when the alleged breach of the parties' oral agreement occurred, the timing of the payments received under the oral agreement, any estimates of his prior commissions, or the amounts still allegedly due and owing.

Defendant further argues that Indiana law limits Mr. Henselmeier's damages to losses he incurred during the two years immediately preceding the filing of his complaint. *See* dkt. 13 at 5. Because Mr. Henselmeier filed his complaint on March 31, 2021, the statute of limitations limits his recovery for unpaid commissions to those dating back only to March 31, 2019. Dkt. 13 at 5. Defendant's Chief Financial Officer, Ginger G. Cornell, testified by affidavit that Defendant's financial records show that Mr. Henselmeier claims a total of $66,606.75 in commissions earned in 2019 and 2020 combined but that Defendant paid Mr. Henselmeier a total of only $26,924.86 in

commissions for those two years.[2] Dkt. 13 at 5; *see also* dkt. 13-1. Thus, Defendant maintains that Mr. Henselmeier's losses of commissions tallied up to no more than $39,681.89 at the time he filed this lawsuit, and Mr. Henselmeier has not produced any evidence of other damages in support of his claims. Accordingly, Defendant moves for dismissal of Mr. Henselmeier's complaint for lack of subject matter jurisdiction on the ground that he has not sufficiently established that there is at least $75,000 in controversy. Dkt. 13 at 5.

Mr. Henselmeier's response to Defendant's challenge to this court's subject-matter jurisdiction offers no rebuttal to the argument that, even if he prevails on his claims, he cannot recover damages in excess of the threshold amount required to establish diversity jurisdiction. Instead, Mr. Henselmeier merely reasserts through his own affidavit that he is owed by Defendant in excess of $75,000 and that he is not required to plead anything more at this early stage in the litigation. *See* Henselmeier Aff. ¶ 12; *see also* dkt. 12 at 18.

Contrary to Mr. Henselmeier's contention, when a plaintiff's "'allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof.'" *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006) (quoting *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). Competent proof is synonymous with the preponderance of the evidence standard. *Id*. at 543; *see also Scott v. Bender*, 948 F. Supp. 2d 859, 867–68 (N.D. Ill.

---

[2] Plaintiff's complaint states that the parties' contract ended in July 2020. Compl. ¶ 10. Ms. Cornell's affidavit includes Defendant's financial accounting spreadsheet calculating Mr. Henselmeier's earned commissions from 2012 until 2020. *See* dkt. 13-1.

2013). "When the complaint includes a number, it controls unless recovering that amount would be legally impossible." *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 815–16 (7th Cir. 2006) (citing *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 58 S. Ct. 586, 82 L. Ed. 845 (1938)).

Mr. Henselmeier alleges that Defendant has breached an oral commission contract between the parties. Because this dispute arises from an employment relationship where no written employment contract exists, the two-year statute of limitations set forth in Indiana Code Section 34-11-2-1[3] controls Mr. Henselmeier's claims. *See Green v. DCO Int'l Trading, Inc.*, No. 3:12-CV-0030-RLY-WGH, 2012 WL 13027986, at *4 (S.D. Ind. Oct. 9, 2012). Because Mr. Henselmeier filed his complaint on March 31, 2021, the statute of limitations period tolls his recovery period for unpaid commissions to those dating back to March 31, 2019. Defendant's financial records document Mr. Henselmeier's total claim amount of $66,606.75 in commissions for 2019 and 2020, that Defendant paid Mr. Henselmeier a total of $26,924.86 in commissions for those two years, and that Mr. Henselmeier therefore has damages at most in the amount of $39,681.89, and no more.

"'[I]f, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his

---

[3] Under the Indiana Code, "[a]n action relating to the terms, conditions, and privileges of employment except actions based upon a written contract (including . . . wages, or salary) must be brought within two (2) years of the date of the alleged act or omission complained of." I.C. § 34-11-2-1.

claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed.'" *Llano Fin. Grp., LLC v. Prince*, No. 2:15-CV-297, 2016 WL 739278, at *6 (N.D. Ind. Feb. 25, 2016) (quoting *St. Paul Mercury Indem. Co.*, 303 U.S. at 289). In the absence of competent proof to support his damages allegations, the conclusory allegations in his complaint are insufficient to establish that this case satisfies the threshold amount required for diversity jurisdiction to exist. Thus, the dismissal of Mr. Henselmeier's case is warranted on this basis.

We further note that although the parties do not contest that complete diversity of citizenship exists in this matter, Mr. Henselmeier has also failed to properly plead Defendant's citizenship. A corporation is deemed a citizen of any state where it is incorporated and a citizen of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *see also Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 675 (7th Cir. 2006) (a corporation has two places of citizenship: where it is incorporated and where it has its principal place of business). Mr. Henselmeier did not plead Defendant's state of incorporation. Compl. ¶ 2 ("The Company is a foreign corporation with its principal place of business in Sulphur, Murray County, Oklahoma."). "Conclusional allegations are insufficient. A court needs to know details, such as the state of incorporation and principal place of business of each corporate party." *State St. Bank & Trust Co. v. Morderosian*, 234 F.3d 1274 (7th Cir. 2000). Because Mr. Henselmeier's complaint does not properly allege Defendant's corporate citizenship, the Court is unable to determine whether complete diversity of citizenship exists between the parties.

### II. Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) and Fed. R. Civ. P. 12(b)(6)

Because we hold that Mr. Henselmeier's suit must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1), we do not address the parties' additional arguments concerning dismissal pursuant to Fed. R. Civ. P. 12(b)(2) and Fed. R. Civ. P. 12(b)(6). *See* Fed. R. Civ. P. 12(b)(1); *McCready*, 417 F.3d at 702 (stating that the Federal Rules of Civil Procedure command courts to dismiss any suit over which they lack subject-matter jurisdiction).

### III. Conclusion

For the reasons provided above, we <u>GRANT</u> Defendant's Motion to Dismiss [Dkt. 7] and this case is <u>DISMISSED</u> pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction.[4]

IT IS SO ORDERED.

Date:   3/28/2022

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

---

[4] Because the court does not reach the merits of the plaintiff's claims, concluding as we have that subject-matter jurisdiction does not exist, dismissal is without prejudice. "A suit dismissed for lack of jurisdiction cannot also be dismissed 'with prejudice'; that's a disposition on the merits, which only a court with jurisdiction may render." *Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004); *see also*, *Johnson v. Illinois Commerce Commission*, 176 Fed. Appx. 662, 663, 2006 WL 906442, at *1 (7th Cir. 2006) (dismissal for lack of subject matter jurisdiction is without prejudice) (citing *Enk v. Brophy,* 124 F.3d 893, 898 (7th Cir. 1997)).

Distribution:

Joshua Kutch
FROST BROWN TODD LLC (Indianapolis)
jkutch@fbtlaw.com

Adam Matthew Trenk
ROSE LAW GROUP PC
atrenk@roselawgroup.com